UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MATT MILLES; CALI OLSON; and US BANK,<br><br>　　　　　　　　　　Defendants. | Case No.:  22-CV-956 JLS (BLM)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND (3) DENYING AS MOOT MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Tina Louise Roberts' Motion to Proceed *In Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and Motion to Appoint Counsel (ECF No. 3).  Plaintiff appears to assert that Defendants US Bank, bank manager Matt Milles, and Cali Olson removed money from Plaintiff's bank account without authorization. *See generally* ECF No. 1 ("Compl.").  Having carefully considered Plaintiff's Complaint, her IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion, **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

**IFP MOTION**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

Here, Plaintiff filed an application stating that she has a monthly income of $1,250.42, comprised of disability disbursements and food stamps. IFP Mot. at 2. The application states Plaintiff's only asset is a mobility chair valued at $8,000, and she has $1 in cash. *Id.* at 2–3. In juxtaposition, the application indicates Plaintiff has monthly

///

expenses totaling $832.[1]  Based on these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.     Standard of Review**

Because Plaintiff is proceeding IFP, her Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2).  *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).  Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez*, 203 F.3d at 1126–27.  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

---

[1] The affidavit breaks down the monthly expenses as $250 for food; $10 for clothing; $40 for laundry and dry-cleaning; $32 for transportation; and $500 for medical and dental expenses.  IFP Mot. at 4.

experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted). Congress has conferred on the district courts original jurisdiction over both federal question cases and diversity cases. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). Federal question cases are civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity cases are civil actions between citizens of different States; between U.S. citizens and foreign citizens; or by foreign states against U.S. citizens which exceed a specific amount in controversy, currently $75,000. *Id.* § 1332.

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter

jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" (citation omitted)).

Courts have a duty to construe a *pro se* litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts."  *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.   Analysis

Here, Plaintiff's Complaint is subject to dismissal because the Court lacks subject-matter jurisdiction over the Complaint as pleaded and Plaintiff fails to state a claim for relief.  In the Complaint, Plaintiff appears to assert a claim for embezzlement and seeks $1,000 in damages.  Compl. at 1–2.

Plaintiff does not state the basis for this Court's jurisdiction.[2]  Plaintiff's embezzlement claim does not raise a federal question because it does not arise under the Constitution, laws, or treaties of the United States.  Additionally, it is unclear from the Complaint whether the parties are diverse, and the amount in controversy is only $1,000.  *See* Compl. at 2.  In this case, Plaintiff's Complaint fails to invoke a federal question and Plaintiff has not shown that diversity jurisdiction exists.  As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction in this case.

///

---

[2] Plaintiff does have a paragraph labeled "Jurisdiction" in her Complaint, but that paragraph does not contain jurisdictional allegations and is largely incompressible.  Plaintiff states: "The jurisdiction Cali Olson did withdraw slip to my money and paid Solir Secury atroney at law 8.956.02 for laywer for Carlos Medine not a party to Caselina Troppe from Nation Wide was recorded by Ruth River manger of Studio 15 for Mendie who I took to court for assult and he wanted to is lawer youre not a part to the case Ruth Riveria has with her family coworker to take levy to the bank 6 times sexual battery by Lazar Scew punture low buttom permett disable confind to sitting position[.]"  Compl. ¶ 1 (emphasis omitted) (errors in original).

Additionally, the allegations of the Complaint are insufficient to put Defendants on notice of the claims against them, as required by Rule 8 of the Federal Rules of Civil Procedure. "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type of violation is when a pleading says *too little*—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Id.* (emphasis in original) (citing *Iqbal*, 556 U.S. at 678). It is unclear what claims for relief Plaintiff is alleging due to the lack of short and plain statements with legally relevant facts regarding her claim for relief. Accordingly, the Complaint is subject to dismissal for violation of Rule 8.

The Court concludes that the Complaint must be dismissed because it fails to allege a basis for subject-matter jurisdiction and fails to state a claim on which relief can be granted. For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

### REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a request for appointment of counsel. *See generally* ECF No. 3. Since the Court dismissed Plaintiff's Complaint, the Court **DENIES AS MOOT** Plaintiff's request for appointment of counsel, without prejudice to Plaintiff renewing said motion should she elect to file an amended complaint and satisfy the criteria for this Court's discretionary appointment of counsel in a civil case.

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8 and for lack of federal subject-matter jurisdiction. Furthermore, the Court **DENIES AS MOOT** Plaintiff's Motion to Appoint Counsel (ECF No. 3). The Court **GRANTS** Plaintiff thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint curing the deficiencies identified above.

Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

***Should Plaintiff fail to file an amended complaint <u>within thirty (30) days</u>, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2), lack of subject-matter jurisdiction, and failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 4, 2022

Hon. Janis L. Sammartino
United States District Judge