# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                              Plaintiff,<br><br>v.<br><br>MATT MILLES; CALI OLSON; and US BANK,<br><br>                              Defendants. | Case No.:  22-CV-956 JLS (BLM)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S AMENDED COMPLAINT**<br><br>(ECF No. 6) |

Presently before the Court is Plaintiff Tina Louise Roberts' Amended Complaint ("Amended Compl.," ECF No. 6).  Plaintiff appears to assert that Defendants US Bank, Matt Milles, and Cali Olson (collectively, "Defendants") removed money from Plaintiff's bank account without authorization and that she was assaulted by one or more of Defendants.  *See generally* Amended Compl.  Having carefully considered Plaintiff's Amended Complaint and the applicable law, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint for the reasons that follow.

///

## LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), her Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)

1 ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted). Congress has conferred on the district courts original jurisdiction over both federal question cases and diversity cases. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). Federal question cases are civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity cases are civil actions between citizens of different States; between U.S. citizens and foreign citizens; or by foreign states against U.S. citizens which exceed a specific amount in controversy, currently $75,000. *Id.* § 1332.

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" (citation omitted)).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation

of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

Here, Plaintiff's Amended Complaint is subject to dismissal both because the Court lacks subject-matter jurisdiction over the Amended Complaint as pleaded and because Plaintiff fails to state a claim for relief. Federal Rule of Civil Procedure 8 requires a complaint to include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Violations of this Rule warrant dismissal." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). In the Amended Complaint, Plaintiff appears to assert claims for embezzlement and assault, seeking $250,000 in damages. Amended Compl. at 2–3. Specifically, Plaintiff alleges Defendants removed money from her bank account without her permission and that she was assaulted, apparently by one or more of Defendants. *Id*.

First, Plaintiff's Amended Complaint "is silent as to jurisdiction," rendering it "subject to dismissal for violation of Rule 8." *Toussaint v. Venante*, Case No. 22-CV-245 JLS (AGH), 2022 WL 891112, at *2 (S.D. Cal. Mar. 25, 2022). Even forgiving this deficiency and construing Plaintiff's pro se Amended Complaint liberally, the allegations contained therein do not provide a sufficient basis for this Court to infer that subject-matter jurisdiction exists. Facially, Plaintiff's embezzlement and assault claims do not arise under the Constitution, laws, or treaties of the United States, and therefore do not provide a basis for federal question jurisdiction. Additionally, the Amended Complaint does not contain sufficient facts to determine whether diversity jurisdiction exists. *Id*. "'The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.'" *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (quoting *In re Mexico City Aircrash*, 708 F.2d 400, 404 n.4 (9th

///

///

Cir. 1983)). While Plaintiff requests $250,000 in damages,[1] thus meeting the amount-in-controversy requirement for diversity jurisdiction, it is unclear whether the parties are diverse, as Plaintiff fails to plead Defendants' citizenship. As a result, Plaintiff has not presented a sufficient basis for federal jurisdiction in this case.

Second, the allegations of the Complaint are insufficient to put Defendants on notice of the claims against them. Based on the facts pleaded, it appears a sum of money was removed from Plaintiff's bank account without her permission. The Amended Complaint, however, fails to provide specific facts regarding each Defendant's involvement in the alleged transfer and why the alleged transfer was unlawful.[2] *Iqbal*, 556 U.S. at 678 (holding "mere conclusory statements" do not satisfy Rule 8's requirements). The Amended Complaint is also obscure regarding which Defendant(s) assaulted Plaintiff.[3] In sum, due to the lack of short and plain statements with legally relevant facts in the Amended Complaint, it is unclear what claims for relief Plaintiff is alleging. *See Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding dismissal of "confusing, . . . , ambiguous, and unintelligible pleadings" under Rule 8).

The Court concludes that the Amended Complaint must be dismissed because, even under the liberal construction of the pleadings afforded to Plaintiff due to her IFP status, the Amended Complaint fails to allege a basis for subject-matter jurisdiction and fails to state a claim on which relief can be granted. For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint.

---

[1] Specifically, Plaintiff requests "that there be a settlement for the amount of 250.00.00." Amended Compl. at 3 (text reproduced verbatim) (emphasis omitted).

[2] Plaintiff states the bank "removed my money without my permission," possibly on May 5, 2022, but also seems to indicate that the dispute centers around a fee, claiming "the removal of monies wastaken May 5 2022 tax ley fee300.00". Amended Compl. at 2 (text reproduced verbatim) (emphasis omitted).

[3] Plaintiff states: "so Matt Milles stood in front of me and Calio sat and stuck me in my tougue and her coworker because they prevoke my by moving the monie . . . ." Amended Compl. at 2 (text reproduced verbatim) (emphasis omitted). Plaintiff also notes that on August 5, 2022, she was in line at the bank when "one person infront a male thinker black sat Manglo Danniel desk and shot me in back leaving a smallhole in my back . . . ." *Id*. (text reproduced verbatim) (emphasis omitted).

# CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Federal Rule of Civil Procedure 8 and for lack of federal subject-matter jurisdiction. The Court **GRANTS** Plaintiff thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint curing the deficiencies identified above.

Any amended filing must be complete in itself, without reference to Plaintiff's Amended Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

***Should Plaintiff fail to file an amended complaint within thirty (30) days, the court will enter a final Order dismissing this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2), lack of subject-matter jurisdiction, and Plaintiff's failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 26, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge